# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

JAMES HIGHTOWER                                             PLAINTIFF

v.                              3:19CV00139-DPM-JTK

DOES                                                DEFENDANTS

## ORDER

Plaintiff Hightower is an inmate who filed a Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983 but did not submit the $400.00 filing fee or an in forma pauperis (IFP) Motion.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action in forma pauperis still must pay the full statutory filing fee of $350.[1] 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he/she will be allowed to proceed with his/her §1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

The PLRA requires a Plaintiff to submit a proper and complete Motion to Proceed In Forma

---

[1] Effective May 1, 2013, the statutory filing fee for civil actions increased to $400, due to the implementation of a $50 administrative fee. This $50 fee does not, however, apply to in forma pauperis actions.

Pauperis, along with calculation sheet prepared and signed by an authorized officer of the detention center. Plaintiff Hightower must submit, within thirty (30) days from entry of this Order, either: (1) the statutory filing fee of $400; or (2) a proper and complete IFP Motion, **with the required calculation sheet signed by an authorized official of the detention center at which he is confined**.

Plaintiff also names as his Defendants unknown officers of the Greene County Detention Facility (Does). However, since their identities are not known, the Clerk cannot issue summons and the Marshal cannot serve unknown persons. Therefore, Plaintiff's allegations are too vague to support a constitutional claim for relief. The Court will grant Plaintiff an opportunity to amend his Complaint, in accordance with FED.R.CIV.P 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff is directed to file a short Amended Complaint within thirty days which sets forth **one claim** (referring to one incident) against the named Defendants involved, which he wishes to pursue in this case. (His other claims should be set forth in separate lawsuits.) Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect[2] and only claims properly set out in the Amended Complaint will be allowed to proceed. Plaintiff's Amended Complaint should: **1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official**

---

[2] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. Of America, 101 F.3d 600, 603 (8th Cir. 1996), (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted)).

**capacity, or in both capacities; 4) state how he was harmed; and 5) state whether he was incarcerated as a pretrial detainee. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places, and should use the enclosed § 1983 complaint form.** Accordingly,

IT IS THEREFORE ORDERED that:

1. Plaintiff Hightower must submit either the $400 statutory filing fee or an <u>In Forma Pauperis</u> Motion, together with an Amended Complaint, within thirty days of the entry date of this Order.[3]

2. The Clerk is directed to send to Plaintiff an <u>In Forma Pauperis</u> Motion, together with the filing fee calculation sheet and a § 1983 complaint form.

IT IS SO ORDERED this 16th day of May, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[3] The Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "... If any communication from the Court to a <u>pro se</u> plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding <u>pro se</u> shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."